STATE OF MAINE                                SUPERIOR COURT
SOMERSET, ss.                                 Docket No.: 11-AP-002
                                              JCN - SOM - 2/28/2012

Bryan Carrier,

        Petitioner

                                              **DECISION AND ORDER**

v.

Secretary of State,

        Respondent


        This matter is before the Court on Petitioner's request, pursuant to M.R. Civ. P.

80C, for judicial review of Respondent's denial of Petitioner's request for the

reinstatement of his motor vehicle operator's license. The record consists of the certified

record of the proceedings before the Hearing Officer.

Factual/Procedural Background

        The record reveals that in 1996, Petitioner, then 19 years old, was intoxicated

when he operated a motor vehicle through a stop sign striking another vehicle. Three

individuals died as the result of the collision.

        On June 13, 1997, Petitioner was convicted on three counts of vehicular

manslaughter, and was sentenced to serve ten years in the Department of Corrections,

with all but two years suspended. He was placed on six years of probation. In addition,

at the sentencing, the Court noted that Petitioner's "right to operate a motor vehicle

would be suspended for life." (R. 14 at 13.)

        Petitioner was released from incarceration on March 30, 1999, and completed his

probationary period on March 29, 2005. On February 18, 2009, Petitioner requested the

1

reinstatement of his license. After a hearing on Petitioner's request, the Hearing Officer issued a decision dated May 8, 2009, denying Petitioner's request.

Pursuant to M.R. Civ. P. 80C, Petitioner requested judicial review of the decision of the Hearing Officer. By order dated December 17, 2009, the Court remanded the matter to the Hearing Officer for further findings and conclusions. On March 9, 2010, the Hearing Officer issued Amended Findings and Conclusions, and again denied Petitioner's request for reinstatement of his license. Petitioner once again requested judicial review of the Hearing Officer's decision. Upon review, the Court denied Petitioner's request for judicial review.

Petitioner renewed his request for the reinstatement of his license. After the hearing, the Hearing Officer concluded that Petitioner "would not pose a risk to the public if his operating privileges were restored" and he "has a need for his driver's license." (R. 3 at 4.) The Hearing Officer also found that the sentencing court ordered that Petitioner's "right to operate a motor vehicle would be suspended for life" (R. 3 at 5) and that "the family [of the victims] believes Mr. Carrier should accept the lifetime suspension of the driver's license" (*id.*) and "resents that Mr. Carrier has had the opportunity to live his life and maintain family relationships when their respective families have been irrevocably damaged" (R. 3 at 6).

Based on the testimony of the victims' families, and based on the sentence imposed, the Hearing Officer denied Petitioner's request. Petitioner seeks judicial review pursuant to M.R. Civ. P. 80C.

2

Discussion

In an action for judicial review under M.R. Civ. P. 80C, the Court is "confined to the record upon which the agency decision was based ..." 5 M.R.S. § 11006(1) (2011). The Court must defer to the administrative agency and review the agency decision for an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013. Additionally, the Court will give great deference to an agency's interpretation of a statute it is charged with administering. *Rangeley Crossroads Coal. v. Land Use Regulation Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223; *see also Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 21, 905 A.2d 285 ("We defer to the Secretary's interpretation if the statutes or statutory scheme are ambiguous and if his interpretation is reasonable."). Overall, the Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. *Gulick v. Bd. of Env't. Prot.*, 452 A.2d 1202, 1209 (Me. 1982).

Petitioner seeks the reinstatement of his license in accordance with 29-A M.R.S. § 2454(5) (2011), which provides:

> A person whose license is permanently revoked under subsection 2[1] may petition the Secretary of State for relicensure 10 years after the date the person is no longer incarcerated. The Secretary of State shall make the person's petition for relicensure known to the family of any victims of the person's offense and shall consider the family's testimony in determining whether to reissue the person a driver's license.

---

[1] 29-A M.R.S. § 2454(2) (2011) states:
The license of any person who, as a result of the operation of a motor vehicle in such a manner as to cause the death of any person, is convicted of criminal homicide or an attempt of criminal homicide, or who is adjudicated to have committed a juvenile offense of criminal homicide or an attempt of criminal homicide, must be permanently revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing, if the report by the district attorney pursuant to section 2455 shows the person was under the influence of intoxicants at the time of the offense.

The Hearing Officer reasoned in part that because the statute unambiguously requires the Hearing Officer to consider the testimony of the victims' families, the Hearing Officer can and must consider factors other than public safety. Petitioner maintains that the decision must be based only on public safety considerations, and that the testimony of members of the victims' families must be considered in context of public safety.

The Law Court has stated that "[a]dministrative license suspensions are remedial, not punitive, in character." *DiPietro v. Sec'y of State*, 2002 ME 114, ¶ 11, 802 A.2d 399 (citing *State v. Savard*, 659 A.2d 1265, 1268 (Me. 1995)). Importantly, the Law Court has made this observation when applying a statute that required the suspension of a license and where the public safety purpose of the statute was apparent. Section 2454, which governs Petitioner's request in this case, differs in two important respects from the statutes at issue in prior cases in which the Law Court has discussed the nature of a license suspension.

First, by mandating that Respondent consider testimony of victims' families when a person seeks the reinstatement of a license under section 2454, the legislature evidently intended for Respondent to evaluate factors other than public safety as part of the re-licensure determination. That is, had the legislature intended for Respondent's inquiry to be limited to public safety concerns, the legislature presumably would not have required a hearing officer to entertain testimony from the victims' families, or would have made clear that the families' testimony must be considered in the context of public safety. As occurred in this case, victims' family members who testify in reinstatement proceedings understandably will testify as to the impact of their loss. For the testimony to have relevance to the proceeding, the hearing officer must be permitted to consider the impact

4

of a family's loss. Otherwise, there would be no logical reason for the legislature to have the family to revisit their loss.

In addition, section 2454 addresses the *revocation* on the offender's driver's license, while sections 2453 and 2453-A address the *suspension* of the license. Although the Law Court has described the suspension of a license as remedial, the Court has not determined that a license revocation is exclusively remedial. *See, e.g., DiPietro,* 2002 ME 114, ¶ 11, 802 A.2d 399 (discussing a license suspension under 29-A M.R.S.A. § 2453(1)(A)-(B) (1996)); *Savard,* 659 A.2d at 1268 (noting the impact of a license suspension on the Double Jeopardy Clause). Suspension and revocation are not synonymous. A suspension is by its nature temporary. Indeed, suspend is defined as "to bar for a period from a privilege, office, or position . . ." *Webster's II New College Dictionary* 1110 (1986). Revocation is generally viewed as something more permanent. For instance, revoke has been defined as "to nullify by withdrawing, recalling, or reversing." *Id.* at 950. Not only is revocation generally viewed as a more permanent consequence than suspension, but in section 2454, the legislature arguably sought to reinforce this concept when it mandated that an offender's license "must be permanently revoked." 29-A M.R.S. § 2454(2) (2011).

Given the distinction between a license suspension and a license revocation, and given that the legislature intended for the Hearing Officer to consider the testimony of members of the victims' families, the Court does not believe that the revocation of a license pursuant to 29-A M.R.S. § 2454(2) is intended to be exclusively remedial.[2]

---

[2] The Court realizes that this conclusion can be viewed as inconsistent with its prior determination that focused on public safety considerations. *Carrier v. Sec'y of State,* SOMSC-AP-2009-005 (Me. Super. Ct., Som. Cty., Dec. 17, 2009); *Carrier v. Sec'y of State,* SOMSC-AP-2009-005 (Me. Super. Ct., Som. Cty., Sept. 21, 2010). However, in the prior proceedings, the Court did not consider the distinction between the

5

Because the Hearing Officer based the decision on the testimony of the victims' families and the continuing impact of the incident on their lives, a consideration that was appropriate under section 2454, the Court cannot conclude that the Hearing Officer's "conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering, Inc. v. Dep't of Prof'l & Fin. Regulation*, 593 A.2d 1050, 1053 (Me. 1991). Accordingly, the Court denies Petitioner's request for judicial review.[3]

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 2/28/12

Justice, Maine Superior Court

---

suspension of a license and the revocation of a license. After consideration of the distinction, and after a further analysis of the legislature's requirement that the Hearing Officer consider the testimony of members of the victims' families, the Court believes that the purpose of a license revocation under section 2454 is not simply remedial.

[3] The Hearing Officer also cited the sentencing court's statement that Petitioner's license would be "suspended for life" as a basis for denying Petitioner's request for reinstatement. In their briefs and at oral argument, the parties argued as to the intent of the sentencing court, and whether the court had the authority to suspend Petitioner's license "for life." Because the Court has concluded that the Hearing Officer could consider factors other than public safety, and because the record thus supports the decision of the Hearing Officer, the Court does not have to address the parties' arguments regarding the nature of or effect of the sentence.

6

Date Filed __08/08/11__  __Somerset__  Docket No. __AP-11-002__
County

Action __80C Appeal__

Bryan Carrier                    vs.    Maine Department of
                                        Secretary of State Bureau of MV
                                        ~~Office of the Attorney General~~

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John Alsop Esq<br>PO Box 189<br>Skowhegan ME  04976<br>Tel: #474-6200 | Donald Macomber AAG<br>6 State House Station<br>Augusta ME  04333-0006<br>Tel: #626-8800 |

| Date of Entry | |
|---|---|
| 08/15/11 | Notice of Appeal, Rule 80C Petition for Review of Final Agency Action, complaint summary sheet, and $150.00 filing fee all received and filed 8/8/11.<br><br>Copies forwarded to the attorney general's office this day. |
| 08/16/11 | Entry of Appearance by Donald Macomber, AAG on behalf of Secretary of State Bureau of Motor Vehicle received and filed 08/12/11. |
| 08/30/11 | Certified copy of the record received and filed.<br><br>Notice and Briefing scheduled forwarded to all counsel of record today. |
| 09/19/11 | Motion to Amend Petition with Amended Petition for Review of Final Agency Action attached all received and filed 09/16/11. |
| 09/23/11 | Motion granted. Dated: 9/23/11 /s/ John Nivison, JSC. cc: Alsop & Macomber. |
| 09/30/11 | Brief of Petitioner on 80C Appeal with attachment A received and filed 09/29/11. |
| 10/31/11 | Brief of Respondent Secretary of State with Exhibits A, B, C all received and filed. |
| 11/15/11 | Case scheduled for 80C Appeal hearing for December 20, 2011 at 8:30 am. cc: John Alsop & Donald Macomber |
| 12/21/11 | Hearing held on 80C Appeal with Hon. John Nivison presiding. John Alsop, Esq. Electronic Recording Tape No. 427, Index no. 842-2321. Donald Macomber, AAG was present and addressed the court. Judge takes case under advisment and order will be issued. |
| 02/29/12 | Decision and Order entered. SEE ORDER FOR FURTHER INFORMATION. The Court denies Petitioner's request for judicial review. Dated: 2/28/12 /s/ John Nivison, JSC. cc: all counsel/parties |